J-A18034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| WAYLYNN MARIE HOWARD | : | |
| Appellant | : | No. 1281 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 1, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008615-2017

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

CONCURRING/DISSENTING STATEMENT BY NICHOLS, J.:

**FILED NOVEMBER 19, 2019**

I agree with the majority's conclusion that Appellant Waylynn Marie Howard's REAP conviction must be reversed. However, although the evidence arguably supports her EWOC conviction, I write separately to express my belief that, as a matter of public policy, the Crimes Code is not the appropriate tool for punishing Appellant's conduct in the instant case.

Importantly, the failure to use a car seat for a child under the age of four is a matter governed by the Motor Vehicle Code (MVC). Specifically, "any person who is operating a passenger car . . . and who transports a child under four years of age . . . shall fasten such child securely in a child passenger restraint system. . . ." 75 Pa.C.S. § 4581(a)(1)(i). "Anyone who fails to comply with the provisions of subsection (a)(1) . . . commits a summary

offense and shall, upon conviction, be sentenced to pay a fine of $75." 75 Pa.C.S. § 4581(b).[1]

Here, Section 4581 did not apply to Appellant, because she was not the operator of the vehicle at the time of the incident. Nevertheless, the Commonwealth decided to charge Appellant with EWOC, graded as a first-degree misdemeanor, for conduct that the MVC equates to a summary offense. In my opinion, the Commonwealth overreached in its decision to charge Appellant under the Crimes Code where she could have received a lesser punishment, if any, as a driver under the MVC.

Although our research did not uncover any reported Pennsylvania decisions that directly address the precise facts at issue, the increasing popularity of ride sharing services makes it likely that more parents travelling with young children will have to take a hard look at whether to accept a ride from a driver whose vehicle does not contain an appropriate car seat.[2] I appreciate the trial court's well-intended concern for child safety. However,

_____

[1] Moreover, "[i]f a person receives a citation issued by the proper authority for violation of subsection (a)(1) . . ., a magisterial district judge, magistrate or judge shall dismiss the charges if the person prior to or at the person's hearing displays evidence of acquisition of a child passenger restraint system or child booster seat to such magisterial district judge, magistrate or judge." 75 Pa.C.S. § 4581(c).

[2] To emphasize the changing legal landscape in this context, Appellant cites an article highlighting the fact that state laws vary regarding whether taxicabs and ride sharing services are exempt from requiring young children to travel in a car seat. **See** Appellant's Brief at 21 (citing Does Your Child Need a Car Seat in a Cab, Uber or Lyft Car?, CBS New York, Nov. 7, 2018, https://cbsloc.al/2Vqeydt (last visited Feb. 28, 2019)).

under the instant circumstances, I believe that it is exceedingly harsh for the Commonwealth to utilize the EWOC statute to punish parents with criminal sanctions that potentially carry life-altering collateral consequences for conduct that should be governed under the MVC.

Accordingly, I respectfully concur in part and dissent in part.